UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **JOSIAH DEES,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Case No. 1:22-cv-00163-HAB-SLC |
| **ALVIN DAVIS,** *in his individual and official capacities*, *et al.*, | ) ) ) ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is a motion to strike, filed by Plaintiff on July 24, 2023. (ECF 22). Plaintiff seeks to strike Defendants' expert disclosure pertaining to Fort Wayne Police Department Captain Juan Barrientes (ECF 22-1), filed pursuant to Federal Rule of Civil Procedure 26(2)(C)(2). Specifically, Plaintiff requests the Court to preclude Barrientes from providing expert testimony because Defendants have not proffered the necessary information under Rule 26(2)(C)(2) as the expert disclosure fails to offer any opinions or summary of the facts Barrientes is expected to testify about. (ECF 22 ¶ 6).[1] Defendants have not responded to Plaintiff's motion, and their time to do so has passed. N.D. Ind. L.R. 7-1(d)(3).

---

[1] In general, motions to strike under Federal Rule of Civil Procedure 12(f) allow the Court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." The decision whether to strike material under Rule 12(f) is within the discretion of the district court. *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009); *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992). However, a motion to strike under Rule 12(f) applies to pleadings filed with the Court. *AMS, LLC v. Muzzy, LLC*, No. 18-cv-583-wmc, 2019 WL 4722448, at *1 n.2 (W.D. Wis. July 12, 2019); *Toddco, Inc. v. Nextel W. Corp.*, No. 2:04 CV 003 RL, 2005 WL 8170113, at *5 n.4 (N.D. Ind. Jan. 10, 2005). Here, the expert disclosure does not constitute a pleading as this Court's local rules does not permit parties to file Rule 26(a)(2) disclosures with the Court. N.D. Ind. L.R. 26-2(a)(1)(A). Therefore, Plaintiff's motion will be construed as a motion to exclude Barrientes's testimony under Rule 37 instead of a motion to strike under Rule 12(f).

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A); *Lane v. Walgreen Co.*, No. 1:12-CV-01180-SEB, 2014 WL 2881543, at *4 (S.D. Ind. June 24, 2014). Rule 26(a)(2)(C) provides:

> [i]f the witness is not required to provide a written report, the disclosure must state: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify.

*See Lane*, 2014 WL 2881543, at *4.

Federal Rule of Civil Procedure 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a)," "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Westefer v. Snyder*, 422 F.3d 570, 584 n.21 (7th Cir. 2005) (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)). "[A] Rule 26(a)(2)(C) summary is important: it clarifies the expected testimony of a witness and the bases for the conclusions." *Ballinger v. Casey's Gen. Store, Inc.*, No. 1:10-CV-1439-JMS-TAB, 2012 WL 1099823, at *4 (S.D. Ind. Mar. 29, 2012).

Defendants' expert disclosure states that "Captain Barrientes will present evidence on the subject matter of the conduct of Defendant Alvin Davis occurring on June 15, 2020 and his compliance with the appropriate use of force policies . . . , based on the videos, testimony and reports previously disclosed in this matter . . . ." (ECF 22-1 at 1). The disclosure appears insufficient under Rule 26(a)(2)(C). Defendants only point to "broad categories of evidence that [they] expect[] [their] experts to rely upon," and they do not provide summaries of relevant facts

2

for Barrientes's opinions. *Hogan v. United States*, No. 118-cv-03763-JPH-TAB, 2021 WL 843451, at *2 (S.D. Ind. Mar. 4, 2021). In fact, the disclosure does not provide any of Barrientes's opinions or summaries thereof. *Lane*, 2014 WL 2881543, at *4. Apparently, given their lack of response, Defendants do not oppose the motion or believe that the failure to comply with Rule 26(a) was substantially justified or harmless.

Accordingly, the Court GRANTS Plaintiff's motion to strike Defendants' expert disclosure of Captain Juan Barrientes (ECF 22) in that Barrientes is precluded from giving expert testimony in this matter.

SO ORDERED.

Entered this 22nd day of August 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge