UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **JOSIAH DEES,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Case No. 1:22-cv-00163-HAB-SLC |
| **ALVIN DAVIS,** *in his individual and official capacities*, *et al.*, | ) ) ) ) |
| **Defendants.** | ) ) |

## OPINION ORDER

Now before the Court is a motion for attorney fees (ECF 34) filed on September 14, 2023, by Plaintiff Josiah Dees's attorney, Clifford Robinson, and Defendant Alvin Davis's motion to supplement (ECF 46) filed on December 11, 2023. For the following reasons, the Court will grant in part and deny in part Dees's motion for attorney fees (ECF 34) and deny Davis's motion to supplement (ECF 46).

### I. FACTUAL AND PROCEDURAL BACKGROUND

The request for fees now before the Court arises from a motion to compel filed by Dees on April 21, 2023. (ECF 19). The motion to compel concerned a single interrogatory question Dees propounded to Davis, interrogatory no. 3, which requested a description of the conduct of six police officers who appeared on a video and the name of three officers who appeared in a photograph captured before the pepper-spray incident which forms the basis of this lawsuit ("the photograph"). The Court granted Dees's motion to compel on August 15, 2023. (ECF 29). In its Opinion and Order, the Court first noted that interrogatory no. 3 did not explicitly request a description of the six officers' conduct when initially posed, but that Dees clarified that interrogatory during subsequent communications with Defendants. (*Id.* at 6-7). The Court

determined that the interrogatory was relevant and did not fall under any of Federal Rule of Civil Procedure 26(b)'s exceptions that would preclude Davis from being responsive. (*Id.* at 8-9). The Court also observed the requested discovery was not inconvenient, burdensome, or expensive compared to other forms of discovery, and addressed several other objections made by Davis. (*Id.* at 13-17). Consequentially, the Court ordered Davis to fully respond to Dees's outstanding interrogatory no. 3 on or before August 29, 2023. (*Id.* at 17).

Attorney Robinson subsequently filed a motion for attorney fees on behalf of Dees, requesting Davis to pay expenses incurred by Attorneys Robinson and Benge ("Counsel") in drafting the motion to compel and the motion for attorney fees. (ECF 34 ¶ 8). Davis filed a response on September 25, 2023 (ECF 36), objecting to the motion for attorney fees and asserting that his discovery response and objections were substantially justified and other circumstances made an award of expenses unjust (*id.* ¶ 8). Before Dees could file a reply, the Court ordered Counsel to submit a fee affidavit supporting the motion for attorney fees and afforded Davis to file a second response thereafter. (ECF 37).

On November 15, 2023, Attorney Robinson filed a declaration in support of the motion for attorney fees (ECF 38), detailing the hours expended in preparing the motion to compel and the motion for attorney fees, specifying Counsel's hourly rates, and explaining why the requested fee is reasonable. Specifically, Counsel request $8,525 in fees for 18.1 hours of work (15.2 hours of time spent by Attorney Robinson at a rate of $475 per hour, for a total of $7,220, and 2.9 hours of time spent by Attorney Benge at a rate of $450 per hour, for a total of $1,305). (*Id.* ¶ 8).[1]

---

[1] Attorney Robinson reduced his time entries for January 18 and 19, and February 13, 2023, to account for the fact that Davis is the only party to whom Dees directed his motion to compel. (*Id.* at 3 n.1). This reduction yields a total time spent litigating the motion to compel and motion for attorney fees of 15.2 hours instead of 18.8 hours. (*Id.*). However, the Court will calculate the hours spent based on the original time spent without the reductions (18.8

2

Davis filed a second response to the motion for attorney fees on November 29, 2023. (ECF 39). In addition to arguing his discovery response and objections were substantially justified and that an award of fees would be unjust, Davis also objects to the requested fees for being excessive as to Counsel's hourly rates and the time expended on the motion to compel. (*Id.*). Davis also attached an affidavit of his counsel, Attorney Theodore Storer, in support of his objection to Counsel's hourly rates. (ECF 39-1).

Dees filed a reply on December 6, 2023, arguing that Davis waived his right to claim substantial justification and failed to support his objection to Counsel's hourly rates and time spent. (ECF 45). Dees also requests an award of fees corresponding to 2.5 additional hours spent preparing the reply to the motion for attorney fees. (*Id.* at 4). He lastly attached two fee affidavits further supporting the purported reasonableness of Counsel's attorney fees. (ECF 45-1, 45-2).

Shortly thereafter, on December 11, 2023, Davis filed a motion to supplement, seeking to file another local attorney's fee affidavit. (ECF 46). Dees has not filed a response to the motion to supplement, and his time to do so has passed. N.D. Ind. L.R. 7-1(d)(3). Accordingly, both motions are ripe for ruling.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37(a) governs the imposition of expenses and sanctions related to a motion to compel. It provides, in pertinent part:

(a) Motion for an Order Compelling Disclosure or Discovery.

> (1) *In General*. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

---

hours) because the hours spent on January 18 and 19, and February 13, 2023, will be excluded for reasons explained below. In other words, the Court will not take into consideration Counsel's reduction of his time entries.

. . . .

      (5) *Payment of Expenses; Protective Orders*.

          (A) . . . If the motion is granted–or if the disclosure or requested discovery is provided after the motion was filed–the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

              (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

              (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

              (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a).

This Rule "presumptively requires every loser to make good the victor's costs . . . ." *Rickels v. City of S. Bend*, 33 F.3d 785, 786 (7th Cir. 1994) (citation omitted). Such fee-shifting "encourages . . . voluntary resolution" of discovery disputes and "curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." *Id.* at 787. Accordingly, "the loser pays" unless he establishes "that his position was substantially justified." *Id.* at 786-87.

"Reasonable attorney fees under Rule 37 are calculated using the 'lodestar' method, which is a reasonable hourly rate multiplied by the hours reasonably expended." *L.H.H. ex rel. Hernandez v. Horton*, No. 2:13-CV-452-PRC, 2015 WL 1057466, at *1 (N.D. Ind. Mar. 10, 2015). "A reasonable rate is one 'derived from the market rate for the services rendered.'" *Id.* (quoting *Pickett v. Sheridan Health Care Ctr.,* 664 F.3d 632, 640 (7th Cir. 2011)). "The Court must also determine whether an attorney's requested award is for hours reasonably spent." *Zimmer, Inc. v. Beamalloy Reconstructive Med. Prods., LLC*, No. 1:16-cv-00355-HAB-SLC,

2019 WL 2635944, at *4 (N.D. Ind. June 27, 2019). "Ultimately, the party seeking an award of attorneys' fees bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Bratton v. Thomas L. Firm, PC*, 943 F. Supp. 2d 897, 902 (N.D. Ind. 2013).

### III. ANALYSIS

*A. Motion to Supplement*

Davis filed a motion to supplement the record (ECF 46), requesting to file the declaration of another local attorney, Spencer Feighner, to supplement the record on the reasonableness of the requested attorney fee and the issue of hourly rates. (*Id.*). He states that the declaration was discussed and delivered to Attorney Feighner prior to filing his second response to the motion for attorney fees, but that it was not executed until after the response was filed. (*Id.*). He also represents that he did not believe providing an unverified declaration was appropriate, and for this reason, did not submit it in his response to the motion for attorney fees. (*Id.*).

The Court will deny this request. Davis did not indicate at the time he filed his response that Attorney Feighner's declaration was forthcoming, nor did he ask for an extension of time to file the declaration. This is yet another example of Davis's failure to comply with deadlines—partly an issue that led to the filing of the motion to compel in the first place. Additionally, the Court does not need the declaration to rule on the motion for attorney fees. Attorney Feighner's declaration reflects that he "generally charge[s] hourly rates *from* $300.00 per hour for private litigation clients" (ECF 46-1 ¶ 6 (emphasis added)), suggesting that an hourly rate of $300 is the *minimum* charged for private clients. This representation does not support the conclusion that Counsel's hourly rates of $475 and $450 are unreasonable, as Davis suggests. Therefore, the

5

Court will not consider the declaration of Attorney Feighner in its analysis of the motion for attorney fees and the reasonableness of Counsel's hourly rates.

*B. Motion for Attorney Fees*

1. <u>Hourly rates</u>

The Court will first address Davis's objection to Counsel's hourly rates. In his objection, Davis states that Counsel's hourly rates are "higher than the customary rates for this court and for this matter," and that Davis's counsel "provides their services at a discounted rate, but generally charges rates from $270 to $350 per hour," such that an hourly rate of $300 would be more appropriate than that charged by Counsel. (ECF 39 at 7-8).

Contrarily to Davis's objections, however, Counsel properly supported their hourly rates. They submitted a summary of their resumes, attached their actual rates billed, and in response to Davis's objection, filed two fee affidavits of Attorneys Stevie Pactor and Duran Keller. (ECF 38, 45-1, 45-2). Particularly, while it is Dees's burden to show the requested rates are reasonable, "where, as here, [an attorney] provide[s] the rates actually billed, the burden shifts to the party opposing the fee award to demonstrate why a lower rate should be awarded." *Zimmer, Inc.*, 2019 WL 2635944, at *7; *see also Davis v. Lakeside Motor Co.*, No. 3:10-CV-405 JD, 2014 WL 3341033, at *2 (N.D. Ind. July 7, 2014) ("The Court presumes that an attorney's actual billing rate for similar litigation is appropriate to use as the market rate.").

Here, Davis fails to carry his burden to show that Counsel's rates are unreasonable. Davis cursorily argues that the prevailing rates for representation "more characteristic of the area and for the subject matter" would be $300, based on his own counsel's "discounted" rates of $270 to $350 per hour. (ECF 39 at 7-8). But Counsel's requested rates are in line with those prevailing in the community. *See Struve v. Gardner*, No. 1:19-cv-04581-RLY-MJD, 2021 WL 1948868, at *2

(S.D. Ind. May 14, 2021) (finding rates ranging from $285 to $645 per hour reasonable); *see also Rehder v. KMM Corp.*, No. 1:22-cv-00419-HAB-SLC, 2023 WL 6619425, at *2 (N.D. Ind. Oct. 10, 2023) (stating that many litigants before this Court hire Indianapolis attorneys who charge Indianapolis rates and rejecting argument that attorney's hourly rate must correspond to Fort Wayne's local market area). Besides submitting his own attorney's hourly rates to defeat the reasonableness of Counsel's requested rates, Davis does not carry his burden of showing the Court why a lower rate should be awarded.[2]

In conclusion, Counsel have produced satisfactory evidence that their proposed hourly rates of $475 for Attorney Robinson and $450 for Attorney Benge for billable work completed in preparation of the motion to compel are "in line with those prevailing in the community." *See Pickett*, 664 F.3d at 640 (citation omitted). Davis's objection to the hourly rates is OVERRULED.

---

[2] While the Court is permitted to evaluate what "rates similarly experienced attorneys in the community charge paying clients for similar work," *Pickett*, 664 F.3d at 640 (citation omitted), "[o]nly if an attorney is unable to provide evidence of [his] actual billing rates should a district court look to other evidence," *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 743 (7th Cir. 2003) (citation omitted); *see Pickett*, 664 F.3d at 640 (hourly rates that "similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases" evaluated as the "next best evidence" when a Court has "difficulty [in] determining the hourly rate of an attorney who uses contingent fee agreements"). Counsel did not represent Dees pursuant to a contingent fee agreement and they are able to provide evidence of their actual billing rates. Therefore, there is no reason to use Davis's counsel's hourly rates or to depart from Counsel's presumed rates in the reasonableness analysis.

2. <u>Time spent in relation to the motion to compel</u>

Davis also objects to the motion for fees on the basis that the time spent drafting the motion to compel for "a response to a single interrogatory that was partially answered" is excessive. (ECF 39 at 8). Davis does not point to a specific time entry with which he takes issue but rather argues that the motion to compel concerned 1 out of 50 interrogatory requests, in addition to 108 requests for production and some requests for admissions, and thus that the time expended on the motion to compel was excessive. (*Id.*).

The Court agrees that the time spent on the motion to compel should be reduced, but for other reasons. While courts may award fees for tasks performed before the drafting of a motion to compel, *Axis Ins. Co. v. Am. Specialty Ins. & Risk Servs., Inc.*, No. 1:19-cv-00165-DRL-SLC, 2022 WL 950604, at *5 (N.D. Ind. Mar. 30, 2022); *see also Struve*, 2021 WL 1948868, at *2 ("[T]here are circumstances in which time spent prior to the filing of a discovery motion are properly included in a fee award under Rule 37."), interrogatory no. 3 was vague as initially propounded, as noted in the Court's Opinion and Order (ECF 29 at 7). This is particularly relevant here because Dees did not fully clarify the information interrogatory no. 3 requested, nor the need for Davis to identify the three officers appearing in the photograph, until April 17, 2023. (ECF 19-5 at 7-8). Thus, the time spent on tasks before April 17, 2023, was not necessitated "by the opposing party's failure to provide the requested discovery" such that Counsel can recover fees for those tasks. *Rackemann v. LISNR, Inc.*, No. 1:17-CV-00624-MJD-TWP, 2018 WL 3328140, at *6 (S.D. Ind. July 6, 2018). Therefore, any time spent attempting to obtain a full response to interrogatory no. 3 and to obtain the name of the three officers in the photograph prior to that date will not be credited for purposes of attorney fees. The Court will, accordingly,

8

exclude the hours Counsel billed before April 17, 2023, that is 9.4 hours spent by Attorney Robinson and 0.6 hours spent by Attorney Benge.

Another issue bears on the reasonableness of Counsel's time spent on the motion to compel and the motion for attorney fees. Attorneys Robinson and Benge both request fees for consulting with each other, but an award of fees on this basis would be duplicative. All but one time entry on Attorney Benge's invoice after April 17, 2023, indicate some sort of exchange with "CC" (which the Court reads as "co-counsel"). (ECF 38-2). Of these entries, four overlap with Attorney Robinson's entries. (*Compare* ECF 38-1 at 2, 3, 8, 9, *with* ECF 38-2). "Time spent on . . . work consisting solely of communications among the various attorneys acting as co-counsel for [a] plaintiff[] can not be allowed because such time [is] duplicative and unnecessary and, therefore, not reasonably spent." *Doe v. Howe Mil. Sch.*, No. 3:95-CV-206RM, 1996 WL 939352, at *4 (N.D. Ind. Oct. 16, 1996) (citation omitted); *see also Arrington v. La Rabida Child.'s Hosp.*, No. 06 C 5129, 2007 WL 1238998, at *3 (N.D. Ill. Apr. 25, 2007) ("These entries are also duplicative. For example, Ms. Urquhart and Mr. Garbutt *each* billed time for conferring with one another."); *Axis Ins. Co.*, 2022 WL 950604, at *6 ("While there are clear instances in Axis's invoices showing its attorneys working on discrete portions of its motion and reply, at other points multiple attorneys appeared to bill for the same communication between each other."). Because these four time entries are duplicative, they will be reduced as follows: Attorney Benge's time entry on August 30, 2023, consisting of 0.2 hours, will be excluded as it consists solely of communicating with his co-counsel; and each attorneys' remaining total time spent will be reduced by 0.15 hour to account for the three other time entries that overlap (namely, time entries for April 20, May 9, and September 14, 2023).

9

Lastly, Attorney Robinson requests another 2.5 hours of time spent on the reply to the motion for attorney fees. (ECF 45 at 4). While he is "entitled to recover a reasonable amount of attorneys' fees for litigating the fee issue[,]" *Struve*, 2021 WL 1948868, at *3, "[he] still must prove that [his] request[] [is] reasonable," *Axis Ins. Co.*, 2022 WL 950604, at *7. Here, the Court will not include an additional 2.5 hours of time spent on the reply to the motion for attorney fees for Dees's failure to file a fee affidavit detailing *how* he spent the 2.5 hours.[3]

In sum, the remaining billable time corresponds to 9.25 hours spent by Attorney Robinson and 1.95 hour spent by Attorney Benge, calculated as follows:

- Attorney Robinson: 18.8 hours (starting billable time exclusive of the 2.5 hours spent drafting the reply to the motion for attorney fees) - 9.4 hours (time spent before April 17, 2023) - 0.15 (duplicative time spent) = 9.25 hours of remaining billable time; and

- Attorney Benge: 2.9 hours (starting billable time) - 0.6 hours (time spent before April 17, 2023) - 0.2 hours (time spent solely on communicating with co-counsel on August 30, 2023) - 0.15 (duplicative time spent) = 1.95 hour of remaining billable time.

The remaining billable time spent by Counsel appears reasonable, and in any event, Davis did not "parse the individual time-entries of Plaintiff's counsel." (ECF 39 at 8). Consequently, the resulting lodestar yields a reasonable fee amount of $5,272. *See, e.g., People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996) (applying the lodestar

---

[3] The Court could afford Dees an opportunity to file a supplement. However, the Court has already permitted Dees to do so on November 6, 2023, after Dees failed to file his fee affidavit to support his motion for attorney fees. (ECF 37 (explaining that the Court "is unable to evaluate whether Counsel's request for fees is reasonable" without a fee affidavit)); *see Bratton*, 943 F. Supp. 2d at 902 ("Ultimately, the party seeking an award of attorneys' fees bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." (citation omitted)). At that point, Dees was on notice that a fee affidavit was required to support his request for fees yet failed to support his subsequent request for 2.5 hours.

approach); *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983).[4] Davis's cursory objections to Counsel's billable hours lack specificity and fail to cite any supporting materials or legal authority and are otherwise OVERRULED.

3. <u>Exceptions under Rule 37</u>

Davis also takes the position that his discovery response and objections were substantially justified and that the proposed award of expenses would be unjust. Under Rule 37(a)(5)(A)(ii), a party's resistance to discovery is "substantially justified" when there is "a genuine dispute." *Rackemann*, 2018 WL 3328140, at *3 (citing *Fogel v. Bukovic*, No. 11 C 1178, 2011 WL 2463528, at *3 (N.D. Ill. June 20, 2011)). Put another way, resistance is substantially justified "if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations and brackets omitted). Rule 37(a)(5)(A)(iii) also "bars awarding attorney's fees if doing so would be unjust." *Zimmer, Inc.*, 2019 WL 2635944, at *2 (citing *Rackemann*, 2018 WL 3328140, at *3). This exception is a "rather flexible catch-all provision." *Slabaugh v. LG Elecs. USA, Inc.*, No. 1:12-CV-01020-RLY-MJD, 2014 WL 6453557, at *2 (S.D. Ind. Nov. 17, 2014).

Davis argues that his discovery response and objections were reasonable and that an award of fees would be unjust because (1) interrogatory no. 3 was extensively broad, and (2) Davis partially responded to the discovery request before the Court issued its Opinion and Order. (ECF 39 at 5).[5] But the Court is not convinced these reasons would make Davis's discovery response substantially justified or an award of fees otherwise unjust.

---

[4] That is, $4,394 for Attorney Robinson (9.25 billable hours x $475) and $878 for Attorney Benge (1.95 billable hours x $450).

[5] Dees argues in his reply that Davis waived this argument by failing to mention the substantial justification exception in his initial response to the motion for attorney fees. (ECF 45 at 1). But Davis did assert this objection in his initial response. (ECF 36 at 3). The Court will not deem Davis's substantial justification argument waived

11

For one, the Court already reduced the time counsel spent on the motion to compel to account for the vagueness of interrogatory no. 3 when it was served upon Davis. To that end, Davis's response and objections were substantially justified, up until the point it became clear what Dees was requesting—that is, on April 17, 2023. Even assuming interrogatory no. 3 was "extensive," as Davis contends, he could have requested extensions to respond, but decided to instead object on baseless grounds. *Contra Moore v. Heller Fin., Inc.*, No. 87 C 6620, 1988 WL 82553, at *1 (N.D. Ill. July 29, 1988) (acknowledging the defendant's "good faith effort . . . to accommodate [requesting party's] extensive discovery requests . . ."). Indeed, the Court concluded in its Opinion and Order that the request in interrogatory no. 3—once clarified—was relevant and proportional to the needs of the case, that it was not duplicative of already available discovery, nor inconvenient, burdensome, or expensive. Davis's argument does not disturb the Court's prior conclusion. *See Zimmer, Inc.*, 2019 WL 2635944, at *2 (stating the party's argument was "little more than a repackaged version of [party's] proportionality argument" made at the motion to compel stage).

Davis's second argument, too, is unconvincing. He contends that his discovery response was substantially justified because he served the response before the Court's Opinion and Order, though after Dees filed his motion to compel. However, he states in the same breath that discovery responses cannot be substantially justified when they "force[] the court to become involved when no genuine dispute existed." (ECF 39 at 5). Here, Davis waited until *after* the motion to compel was filed to serve a partially responsive answer, despite being advised several times the motion to compel would be filed and when it would be filed. It was precisely due to this delay that the Court became involved. And the fact that Davis filed the partial answer

---

because the Court afforded Davis an opportunity to file a revised response—an order which was necessitated by Dees's own failure to substantiate his motion for attorney fees. (*See* ECF 37).

without the Court ordering so shows there were no genuine disputes, at least with respect to a subset of the requested discovery. Additionally, Dees indicates—and Davis does not dispute—that while Davis may have tendered his response to interrogatory no. 3 before the Court's Opinion and Order, the response was not sent in its verified form before the deadline, August 29, 2023, as ordered by the Court.[6] On these bases, Davis's response and objections were not substantially justified and an award in this case would not be unjust. Dees may recover $5,272 in attorney fees.

## IV. CONCLUSION

In conclusion, Davis's motion to supplement (ECF 46) is DENIED. Counsel's fee request is reasonable, but some of the hours billed are not reasonable. As such, Dees's motion for attorney fees (ECF 34), as detailed in Counsel's affidavits (ECF 38, 38-1, 38-2), is GRANTED IN PART and DENIED IN PART. Davis is ORDERED to pay Dees $5,272 within 30 days of this Opinion and Order.

SO ORDERED.

Entered this 16th day of April 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[6] Dees also indicates that the revised answer provided to interrogatory no. 3 was not fully responsive as to the description of Officer Alexander's actions, one of the six officers present when Dees was pepper-sprayed, as required by the Court's Opinion and Order. (ECF 34 ¶ 9; ECF 34-1 at 3-4). Davis does not address this point in his briefs. While the Court will not address this issue at this juncture, this fact undermines Davis's substantial justification argument and his contention that a fee award against him would be unjust.